UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cr-20056-JES-DGB |
| ) | |
| SHAWN M. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

# ORDER AND OPINION

This matter is now before the Court on Defendant Johnson's Motions (Docs. 62, 65) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 and the United States' Response (Doc. 68). For the reasons that follow, Defendant's Motions (Docs. 62, 65) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

### BACKGROUND

In December of 2013, Defendant Johnson was sentenced to 180 months of imprisonment for distributing 28 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). His sentence was later reduced to 127 months. He is serving his sentence at FCI Butner in Butner, North Carolina. His projected release date is January 21, 2022. In light of the ongoing COVID-19 pandemic, Defendant moves for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute. Doc. 65. The United States responded to Defendant's Motion by asserting Defendant failed to exhaust administrative remedies and further opposes the request on the merits. Doc. 68.

**COVID-19 Background**

COVID-19 is a new "respiratory disease spreading from person to person." Situation

Summary, Ctrs. for Disease Control and Prevention ("CDC"), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html#background (last updated Apr. 19, 2020). The current global pandemic of COVID-19 "poses a serious public health risk." *Id.* "COVID-19 can cause mild to severe illness" with the "most severe illness occur[ing] in adults 65 years and older and people of any age with serious underlying medical problems." *Id.*

**Defendant's Health**

Defendant is 35 years old and has had recent surgery on both his lungs and heart to remove growths. Doc. 65, at 1. Additionally, he suffers from asthma and uses an inhaler. Doc. 65, at 7. The United States reports Defendant contracted COVID-19 on April 3, 2020, but recovered relatively quickly. Doc. 68 at 12, 23.

**COVID-19 in the Bureau of Prisons**

The CDC has recognized that correctional facilities face unique challenges in controlling the spread of COVID-19. Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 30, 2020). For instance, because incarcerated "persons live, work, eat, study, and recreate within congregate environments," there is a heightened "potential for COVID-19 to spread once introduced." *Id.* Recognizing this, the Bureau of Prisons ("BOP") has modified operations in all facilities, by, for example, suspending social and legal visits, limiting internal movement of inmates, suspending staff travel, and screening staff and inmates. BOP Implementing Modified Operations, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Apr. 30, 2020).

Notwithstanding these efforts, inmates and staff at various BOP institutions have tested positive for COVID-19. At FCI Butner Medium I, Defendant's institution, there are currently 53 inmates and 6 staff with known active cases of COVID-19; 8 inmates have died, 172 inmates have recovered, and 20 staff have recovered. *See* COVID-19 Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited May 20, 2020) (scroll down to the COVID-19 Cases section, then click on "Full breakdown and additional details").

## LEGAL STANDARD

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

## DISCUSSION

**Exhaustion**

Section 3582(c)(1)(A) contains an exhaustion requirement: before a defendant can bring

his own motion, he must ask the warden of his facility to bring such a motion. If 30 days pass without a response, he can file a motion in court. *Id*. If, before that time, the BOP declines to bring such a motion, he must fully exhaust all administrative appeals before filing a motion in court himself. *Id*.

Defendant asserts he requested release due to his health issues and the risks associated with COVID-19 on March 31, 2020. Doc. 65, at 3. In support of this assertion, Defendant attached his request to his original pro se Motion. Doc. 62-1. Therein, Defendant states he has respiratory issues, is being housed with inmates suffering from COVID-19, asks to be evaluated by medical "for the Care Act, First Step Act," and requests release "to home confinement, and or reentry center/halfway house due to virus pandemic." *Id*. at 1. It is signed by both Defendant and his BOP counselor. *Id*

The United States argues Defendant did not exhaust his administrative remedies. Doc. 65, at 19. Specifically, the United States argues that Defendant's request "is the first request he had made for a reduction in sentence" because the request attached to his pro se Motion asked for home confinement or release to a residential reentry center, rather than specifically asking for compassionate release. *Id*.

Courts around the country are struggling with the issue of whether the exhaustion requirement may be excused. *Compare, e.g., United States v. Perez*, No. 17 Cr. 513-3(AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (finding that exhaustion requirement is waivable), *with, e.g., United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053, at *1–2 (D. Kan. Apr. 22, 2020) (finding that the exhaustion requirement is jurisdictional and not waivable). However, courts that find the exhaustion requirement can be excused still make that decision on a case-by-case basis. *See, e.g., United States v. Coles*, No. 00-cr-20051, 2020 WL

1976296, at *5 (C.D. Ill. 2020) (finding § 3582(c)(1)(A) does not require court to wait to consider a compassionate release request, but noting the decision should be made on a case-by-case basis).

Here, Defendant has presented compelling evidence that he requested to be released from FCI Butner due to his medical conditions and the risk of contracting COVID-19, and cited the First Step Act. Doc. 62-1. Despite this, the United States persists in its argument that this request was not good enough because he did not utter the magical incantation: "compassionate release." Doc. 68, at 19. The United States' argument is particularly unpersuasive here. First, all the benefits of administrative review were available to the BOP when he submitted his request asking to get out of prison because of COVID-19. Second, even absent the pandemic, the courts must construe pro se litigant's submissions liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In the undersigned's view, so too should the BOP. Even absent the current pandemic and the emergency nature of these requests for release, the Court believes Defendant's submission was more than adequate to meet the administrative prerequisites to filing his motion for compassionate release. To strenuously argue otherwise diminishes the better argument on the merits of Defendant's Motion. Defendant has exhausted his administrative remedies, and the Court will proceed to the merits of his Motion.

**Merits**

Defendant argues that he has shown that extraordinary and compelling reasons warrant his release because his medical conditions, together with the COVID-19 outbreak at FCI Butner, make him particularly vulnerable to life-threatening complications from COVID-19. Doc. 65, at 7.

The United States argues that Defendant does not qualify for compassionate release

because he has failed to show extraordinary and compelling circumstances justifying his release. Doc. 68, at 22–23. The United States concedes the COVID-19 pandemic may be relevant to the Court's analysis of extraordinary and compelling reasons, and states that if Defendant's asthma is moderate or severe (the records provided to the Court do not say one way or another), that would present an extraordinary or compelling reason for compassionate release under the statute and guideline policy statement. *Id*. at 23. However, the United States argues Defendant's history and characteristics, including his criminal history and conduct while on parole for prior violations, establish he is a danger to the community under the § 3553(a) factors. *Id*. at 24. The United States highlights Defendant's prior convictions—cocaine delivery, battery involving a minor, residential burglary—notes Defendant was expelled from the Residential Drug Abuse Program and has a high PATTERN score, and asserts his proposed release plan is inadequate due to his unstable relationship with the current resident. *Id*. The United States concludes the § 3553(a) factors militate against a sentence reduction.

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and 3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

The Sentencing Guideline's policy statement defines what constitutes extraordinary and compelling reasons that warrant a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Application notes explain that the medical condition of the defendant (i.e., if he suffers from a terminal illness or a serious physical or medical condition that "substantially diminishes [his] ability . . . to provide self-care within the

environment of a correctional facility and from which he . . . is not expected to recover"), his age (i.e., if he is 65 and declining in health and has served a large portion of his sentence already), or his family circumstance (i.e., if the caregiver for his minor children dies or becomes incapacitated) can constitute extraordinary and compelling reasons warranting release. *Id.* § 1B1.13 cmt. n.1(A)–(C).

Previously § 3582(c)(1)(A) allowed only the BOP to bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 through Dec. 20, 2018). The Sentencing Commission has not updated its policy statement to reflect that a defendant can make his own motion for a sentencing reduction. Some courts have held that this means there is currently no policy statement with which sentencing reductions under § 3582(c)(1)(A) must be consistent. *See, e.g.*, *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020). This Court has previously adopted this approach. *See United States v. Seggebruch*, No. 15-cr-20034, ECF Doc. 113 (C.D. Ill. May 15, 2020); *United States v. Brooks*, No. 07-20047, ECF Doc. 67 (C.D. Ill. May 15, 2020). Thus, a court may find that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C), and without the BOP's motion or express finding. *See, e.g.*, *Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493 at *6.

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, No. 12-cr-20050, at ECF Doc. 41 at p. 5 (C.D. Ill. May 12, 2020). Rather, a prisoner may satisfy the extraordinary and compelling reasons requirement by showing that "his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant

risk of complications should he contract the virus." *Id*. at 5–6.

Here, the Court believes Defendant has failed to meet his burden to establish that extraordinary and compelling reasons justify his release from prison. Most significantly, although the possibility of contracting COVID-19 is a serious concern, the risk associated with contracting COVID-19 is due to the increased severity of symptoms and potential for death for those who have unusually strong reactions to the virus. *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited May 19, 2020). Others, like Defendant Johnson, do not exhibit severe symptoms associated with COVID-19 and recover after experiencing mild symptoms or none at all. Because Defendant Johnson appears to have already contracted COVID-19 and recovered without incident, the risk of him suffering severe complications from the virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have contracted the virus and exhibited severe symptoms or complications. Second, although Defendant's institution, FCI Butner, is facing a serious outbreak of COVID-19 infections, it appears the outbreak at that facility is now under control. *See* https://www.bop.gov/coronavirus/ (last visited May 21, 2020) (indicating 53 active inmate cases and 172 recovered inmate cases).

In addition to his failure to meet the extraordinary and compelling reasons requirement, the Court agrees with the United States that under the totality of the circumstances, the § 3553(a) factors do not weigh in favor of release for Defendant Johnson. Defendant's commission of the instant offense while on parole or supervised release for a prior drug offense, his post-sentencing conduct of expulsion from RDAP, and his high PATTERN score all suggest a reduction in Defendant's sentence would be inconsistent with the § 3553(a) factors. Accordingly, the Court denies Defendant's request for compassionate release.

## CONCLUSION

For the reasons set forth above, Defendant's Motions (Docs. 62, 65) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

Signed on this 21st day of May, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge
